**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Aileen BORTELS, Defendant–Appellant.**

**No. 91–1988.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1992.

Decided May 6, 1992.

John A. Smietanka, U.S. Atty. Julie Ann Woods, Asst. U.S. Atty. (argued and briefed), Grand Rapids, Mich., for plaintiff-appellee.

James A. Christopherson (argued and briefed), Blakeslee, Chambers, Petterson, Dalrymple & Christopherson, Traverse City, Mich., for defendant-appellant.

Before: NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.

PER CURIAM.

Aileen Bortels (appellant) initially had been indicted for assaulting, resisting or interfering with a United States Deputy Marshal in violation of 18 U.S.C. § 111, and harboring or concealing a person for whom an arrest warrant had been issued in violation of 18 U.S.C. § 1071. On June 4, 1991, the appellant pleaded guilty to the § 111 violations. Subsequently, the court sentenced Bortels to six months imprisonment and a one year period of supervised release with the condition that appellant may have no contact, directly or indirectly, with anyone who has been convicted of a felony, particularly Cohen, during this one year term. Appellant appealed the court imposed condition of her supervised release.

The charges against Bortels arose from an incident that occurred on April 20, 1991, when she was involved in a high speed chase while fleeing from Michigan State Police and a plain clothes Deputy United States Marshal after she was informed that her passenger, Cohen, was under arrest for violating his parole. The appellant admitted that she drove the vehicle at speeds reaching at least 50 to 55 miles per hour in residential streets and 70 to 75 miles per hour on an expressway. The chase ended when the appellant rammed into a marked Michigan State Police cruiser and an unmarked U.S. Marshal Service vehicle. Thereafter, both the appellant and Cohen were arrested.

After being held without bond for four months because the magistrate thought she was a flight risk and may try to break her lover-Cohen out of jail, the court sentenced appellant to a six month period of incarceration and a one year period of supervised release in which she was prohibited from associating with Cohen or other convicted felons. Prior to sentencing, the court concluded that appellant would not be in jail but for her association with Cohen, recognizing that her rehabilitation would be aided if she avoided future contact with her fiancé. Further, the court was concerned that the safety of the community would be at stake if she had contact with Cohen during the supervised release period because she had already risked injuring innocent bystanders during the high speed chase and may act impulsively again in the future in order to protect her fiancé

**560**

from law enforcement authorities. This Circuit mandates that where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld. *United States v. Holloway*, 740 F.2d 1373, 1383 (6th Cir.1984); *see also United States v. Showalter*, 933 F.2d 573 (7th Cir.1991) (where court recognized that 18 U.S.C. § 3563(b)(7) authorized court to impose such a condition). Accordingly, the district court did not abuse its discretion when it imposed the condition that appellant not associate with her fiancé for one year during the period of supervised release.

Accordingly, upon the record in its entirety, the briefs and arguments of counsel, the appellant's sentence is hereby AFFIRMED.