7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John HELMEL, Defendant-Appellant.
 Nos. 93-5574, 93-5729.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1993.
 
 W.D.Ky., No. 91-00106; Forester, Judge.
 W.D.Ky.
 AFFIRMED.
 Before: MERRITT, Chief Judge; BROWN and WELLFORD, Senior Circuit Judges.
 
 ORDER
 
 1
 In these consolidated appeals, John Helmel, a federal prisoner, appeals the sentence imposed upon his conviction for using a telephone to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b). Case No. 93-5574 is Helmel's pro se appeal of the oral judgment imposed on April 9, 1993. Case No. 93-5729 is an appeal filed by court-appointed counsel of the written judgment entered on May 10, 1993. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 5, 1993, Helmel entered into a Rule 11 plea agreement in which he agreed to plead guilty to three counts of using a telephone to facilitate a drug trafficking offense. In return, the government agreed to stipulate to a cocaine quantity of less than 25 grams, recommend a two-level reduction for acceptance of responsibility, and recommend a sentence at the lowest end of the applicable guideline range. The district court sentenced Helmel on April 9, 1993, to three concurrent prison terms of four months, followed by one year of supervised release. The special conditions of Helmel's release included four months' residence in a halfway house and participation in a substance abuse program. That same day, Helmel signed a document entitled "Conditions of Probation and Supervised Release," which included these special conditions. Judgment was entered on May 10, 1993.
 
 
 3
 Helmel's court-appointed counsel has filed a motion to withdraw and an affidavit in lieu of a brief in each of these cases pursuant to Anders v. California, 386 U.S. 738 (1967). In his affidavits, counsel raises the issue of whether Helmel's conditions of supervised release should be modified to remove the requirement of participation in a drug or alcohol rehabilitation program. Although Helmel was notified of his right to submit a supplemental brief raising additional issues, no supplemental brief has been received by this court. Helmel has filed a motion for the appointment of new counsel.
 
 
 4
 Upon review, we conclude that counsel should be permitted to withdraw because Helmel's appeal is frivolous. The affidavits in lieu of a brief submitted pursuant to Anders conclude that no reversible error exists in Helmel's proceedings and adequately set forth the sole issue on appeal requested by Helmel.
 
 
 5
 Initially, we note that Helmel waived his right to appeal the special condition of his release. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). He did not object to the condition at sentencing and, in fact, signed a document agreeing to the condition. Counsel's undisputed affidavit establishes that counsel did review all of the conditions of supervised release, including participation in a substance abuse program, with Helmel before he signed the document entitled "Conditions of Probation and Supervised Release."
 
 
 6
 In any event, the district court did not abuse its discretion in requiring participation in a program for substance abuse as a condition of Helmel's supervised release. See United States v. Bortels, 962 F.2d 558, 560 (6th Cir.1992) (per curiam). "This circuit mandates that where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." Id.
 
 
 7
 The challenged condition is clearly related to the rehabilitation of the defendant and the protection of the public. The presentence investigation report (PSI), to which Helmel had no objections, established that Helmel was convicted on three prior occasions on charges related to drugs and alcohol. He also pleaded guilty in the instant case to three counts of using a telephone to purchase cocaine. Moreover, the PSI indicates that in 1984 Helmel was self-admitted to a hospital for treatment of depression and alcohol abuse, and that he used "small quantities" of cocaine and marijuana in 1989. Under these circumstances, participation in a substance abuse program would clearly contribute to Helmel's rehabilitation.
 
 
 8
 The condition imposed by the district court is also necessary for protection of the public. In 1988 and 1990, Helmel was convicted of driving under the influence. The district court could reasonably conclude that Helmel's treatment for drug and alcohol problems would contribute to greater safety on the public highways.
 
 
 9
 Finally, we have reviewed the record, including the transcripts of Helmel's plea and sentencing proceedings, and conclude that no reversible error is apparent from the record.
 
 
 10
 Accordingly, we grant counsel's motions to withdraw, and deny Helmel's motion for the appointment of new counsel. The district court's judgment, entered on May 10, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.