54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Philip M. MANOGG, Defendant-Appellant.
 No. 93-3622.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 Before: JONES, WELLFORD, Circuit Judges; ENSLEN*, District Judge.
 PER CURIAM.
 
 
 1
 This appeal challenges the district court's refusal to allow defendant to perform title search services during defendant's term of supervised release.
 
 Facts
 
 2
 Defendant is a lawyer who used a false identity and social security number to open a bank account for a client, into which money from an off-shore trust was to be transferred back into the United States. When caught, he told authorities he had also used a (different) false identity to open a checking account in Windsor, Canada.
 
 
 3
 Through investigation of the second account, agents learned that defendant had pursued a shady real estate transaction. This involved a "program" in which an insurance company bought first mortgages. Defendant submitted fraudulent paperwork to the insurance company, which listed properties for which he was the agent. Most of these properties were fictitious, and defendant used differing fictitious names on some of the listings to conceal that fact that he was involved in all of them. He falsely represented the properties' appraisal values, and that they were free and clear of liens. The deal was stopped by the investigation. See Appendix 31, Excerpts from Presentence Report.
 
 
 4
 As a result of opening the two bank accounts, defendant was charged with two counts of using a false social security number, in violation of 42 U.S.C. Sec. 408(g)(2) (renumbered by 1990 amendments as 42 U.S.C. Sec. 408(a)(7)(B)). Defendant pled nolo contendere, and was sentenced to eight months incarceration and three years supervised release.
 
 
 5
 Defendant has served his term of incarceration, and now wants to work as a title searcher. In response to defendant's motion for modification of a condition of supervised release, the district court held that such employment would violate a special condition of defendant's supervised release. This condition provides that defendant "shall be prevented from participating in or becoming a party to any real estate transaction or affiliated with any business entity at an executive, administrative or statutory level." The court reasoned that even if not considered a "party" to a real estate transaction, in several jurisdictions a title searcher may be sued for negligently performing his or her duties, and the title searcher's activities affect the transaction because the parties rely on the information provided. Therefore, the district court concluded, title searchers "participate" in real estate transactions.
 
 
 6
 Defendant does not challenge the propriety of the restriction that he not be a party to or a participant in a real estate transaction. Instead, he frames his appeal as a challenge to the district court's interpretation of the restriction.
 
 
 7
 As explained below, this is the wrong question. Because we believe we must accept the district court's interpretation of its own restriction, if reasonable, we must consider whether that restriction violates the Guidelines.
 
 Standard
 
 8
 The court of appeals reviews district courts' imposition of special conditions of supervised release only for abuse of discretion. E.g., United States v. Bortels, 962 F.2d 558, 560 (6th Cir. 1992); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991). This standard prohibits reversal of the lower court's decision unless, upon weighing the relevant factors, we have a "definite and clear conviction" that the court "committed a clear error of judgment." Stephenson, 928 F.2d at 732. In other words, the reviewing panel must be firmly convinced that a mistake has been made in order to overturn the decision. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).
 
 Discussion
 
 9
 We can quickly conclude that defendant would violate a condition of his supervised release if he and his wife formed a company that provided title search services, and defendant performed those searches. The district court is permitted, within reasonable limits, to define the terms of supervised release, and if the court says the role of title searcher fits its definition of "participant" in a real estate transaction, then we will respect that interpretation.[1] We find neither the restriction nor the district court's interpretation to be unreasonable.
 
 
 10
 As defendant recognizes in his appellate brief, the standard the lower court was to follow in imposing the special condition of probation is found in the Sentencing Guidelines in effect at the time of sentencing at Sec. 5F1.5. The district court did not consider the requirements of U.S.S.G. Sec. 5F1.5 in its order, and instead discussed state law to determine whether a title searcher was a "party" or "participant" to a real estate transaction. However, the real question raised by defendant's appeal is whether the "modification" of the terms of supervised release is consistent with Sec. 5F1.5 of the Guidelines.
 
 
 11
 Sec. 5F1.5 provides the following instruction:
 
 Occupational Restrictions
 
 12
 (a) The court may impose a condition of ... supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:
 
 
 13
 (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
 
 
 14
 (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.
 
 
 15
 (b) If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.
 
 
 16
 U.S.S.G. Sec. 5F1.5 (1992). The commentary which follows this section quotes legislative history which explains that occupational restrictions should only be used as reasonably necessary to protect the public, and not as a means of punishing the defendant.
 
 
 17
 The first element to be considered is whether a reasonably direct relationship exists between the restriction and conduct relevant to the offense. Sec. 5F1.5(a)(1). Defendant is correct that the underlying conviction, use of false social security numbers, is not directly related to his shady real estate transactions. The discovery of the second bank account simply led to discovery of that transaction.
 
 
 18
 However, there is a reasonably direct relationship between conduct relevant to defendant's social security fraud and the prohibition against employment as a title searcher. The relevant conduct is defendant's willingness and ability to prepare false documentation concerning financial and real estate matters. The falsification involved both identity and, in the case of the real estate deal, the existence and/or value and financial status of the land. The fact that there was no evidence that false social security numbers were part of defendant's real estate fraud does not render the connection too tenuous or unreasonable to be considered in the occupational restriction.
 
 
 19
 Sec. 5F1.5 permits the court to consider defendant's personal manipulation of real estate documentation. An occupational restriction which prevents title searching is closely tailored enough to not be an abuse of discretion.
 
 
 20
 The second element we must consider is whether the condition is necessary to protect the public. Sec. 5F1.5(a)(2). Although this is more difficult to assess, we are not "firmly convinced" the district court made a mistake. Defendant has falsely reported property to be free of liens in the past. Title searchers must be trusted to produce authentic documents. We are satisfied that restricting the defendant's ability to conduct title searches is necessary to protect the public.
 
 
 21
 The final element to consider is whether the condition was imposed for the minimum time and to the minimum extent necessary to protect the public. Sec. 5F1.5(b). In terms of the "minimum extent" consideration, it is relevant that defendant is not asking to work for a reputable title checking company, which could monitor his activities, but would be working for a company comprised of him and his wife. There would be little or no regulation or observation of such an enterprise, and therefore it seems appropriate to prohibit it altogether.[2]
 
 
 22
 Finally, with regard to the "minimum time" consideration, we hold that in this case, three years is a reasonable time period. See United States v. Musser, 1994 U.S. App. LEXIS 3449 (6th Cir. Feb. 22, 1994) (approving three year supervised release restriction on defendant obtaining any adoption records after she was convicted of unlawfully obtaining information from social security offices to trace adopted children).
 
 Conclusion
 
 23
 The district court did not abuse its discretion when it prohibited defendant from working as a title searcher for three years as a special condition of supervised release. Accordingly, we AFFIRM the order of the district court.
 
 
 
 *
 HONORABLE RICHARD A. ENSLEN, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Even if we were to disagree with that interpretation, the fact that a district court can modify a condition of probation at any time (18 U.S.C. Sec. 3583(e)(2)) leads us to conclude that at most it should simply be considered a modification of the condition. For example, in this case the "modification" is that defendant is now prohibited from being a party, participant or title searcher in any real estate transaction
 
 
 [2]
 It is arguable that what is objectionable is defendant's personal participation in the searches, and not his "ownership" of a title search company with his wife. E.g., United States v. Mills, 959 F.2d 516 (5th Cir. 1992) (approving ban on defendant's personal participation in operation of automobile business but reversing requirement that he sell his business after conviction for illegally turning back odometers on cars he sold). However, defendant has not asked this court to, in the alternative, permit him to own such a company but not work for it