**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**John Charles VOLUNGUS,**
**Defendant–Appellant.**

**No. 99–5875.**

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before NORRIS and COLE, Circuit Judges; STEEH, District Judge.*

* The Honorable George Caram Steeh, United States District Judge for the Eastern District

*ORDER*

John Charles Volungus, a federal prisoner, appeals his sentence that was imposed upon his plea of guilty to using a computer in interstate commerce to attempt to entice a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A), and receiving child pornography by computer in interstate commerce in violation of 18 U.S.C. § 2252A(2). The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At sentencing, the district court sentenced Volungus to fifty-three months of imprisonment and three years of supervised release. The district court also imposed a special condition of supervised release that Volungus not possess a computer.

In his timely appeal, Volungus argues that the district court abused its discretion by imposing the special condition to his supervised release that he not possess a computer.

■■■ The court ordinarily reviews a district court's imposition of a special condition of supervised release for an abuse of discretion. *See United States v. Ritter,* 118 F.3d 502, 503 (6th Cir.1997) (citing *United States v. Bortels,* 962 F.2d 558, 560 (6th Cir.1992)). However, as Volungus, through counsel, affirmatively waived his right to object to the special condition at sentencing, this court has no jurisdiction to hear arguments regarding the special condition on appeal. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A waiver is the intentional relinquishment or abandonment of a known right. *Id.* Waiver differs from forfeiture, which is merely the failure to make a timely assertion of a right. *Id.* at 733–34. Unlike forfeiture, which permits review for plain error, waiver extinguishes appellate review. *Id.* at 733. When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal. *See United States v. Saucedo,* 226 F.3d 782, 787 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 838, 148 L.Ed.2d 718 (2001).

At sentencing, the government asked the district court to impose as a special condition of supervised release that Volungus not possess a computer. The district court asked whether Volungus had any objection to the government's request. Defense counsel responded, "No objection to the amendment of the supervised release ." In light of the foregoing colloquy, Volungus did not merely fail to object to the special condition, he affirmatively told the district court that he had no objection to it. Thus, Volungus intentionally relinquished or abandoned a known right to object to the government's request for a special condition that he not possess a computer. Inasmuch as Volungus waived any argument regarding the special condition, this court does not have jurisdiction to consider the special condition on appeal. *See Saucedo,* 226 F.3d at 787.

Accordingly, the district court's judgment is affirmed.