**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROBERT C. HENDRICKS,
*Defendant-Appellant.*

No. 01-4974

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOYCE E. PERDUE, a/k/a Pastor Joyce,
*Defendant-Appellant.*

No. 01-4975

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ELIZABETH BROWN,
*Defendant-Appellant.*

No. 01-4976

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-98-515-MJG)

Submitted: April 30, 2003

Decided: June 26, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas L. Crowe, LAW OFFICES OF THOMAS L. CROWE, Baltimore, Maryland; Richard D. Bennett, Sean P. Vitrano, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; John C. Fones, LAW OFFICES OF JOHN C. FONES, Baltimore, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert C. Hendricks, Joyce E. Perdue and Elizabeth Brown were convicted at a bench trial for conspiracy to commit visa and immigration fraud, 18 U.S.C. § 371 (2000), six counts of visa fraud, 18 U.S.C. § 546 (2000), and ten counts of immigration fraud, 18 U.S.C. § 1324 (2000). Hendricks and Perdue were convicted of an additional count of visa fraud, 18 U.S.C. § 546. They appeal the introduction of evidence of activities related to the adoption of Estonian children, certain elements in the imposition of their sentences, and a special condition imposed on their supervised release. Finding no error, we affirm the convictions and sentences as imposed by the district court.

Defendants are devout Pentecostal Charismatic Christians and members of the World Faith Outreach Church. Perdue is the Pastor and spiritual head of the church. Hendricks is the Associate Pastor. Brown is an active church member and the head of the children's ministry and the music ministry. Beginning in 1990, the church

embarked on a series of missions to Estonia. In 1992, Defendants moved to Estonia.

In 1997, Defendants returned to the United States. Thirteen Estonians between the ages of thirteen and eighteen sought and received religious worker or student visas to enter the United States with the Defendants. The Defendants instructed the Estonians to state in their student visa applications that they would not work while in the United States and in their religious worker applications that they would only engage in religious work. The Defendants, however, required the Estonians, including the minors, to work in the cleaning company or the furniture installation company they owned, which had been the Defendants' intention when they recruited the Estonians. The students attended school irregularly. The Estonians were paid ten to one-hundred dollars a week for their labor.

In addition to the cleaning company and the furniture installation company, the Defendants also owned an adoption agency that sought fraudulent visas for women to come to the United States with their children who were to be placed with adoptive families. In the course of seeking to place children with families in the United States, the Defendants attempted to escape the notice of the Estonian officials that they were seeking babies to remove from Estonia, obtained false visas to bring the children to the United States, paid the mothers of the children who were to be adopted and encouraged adoptive parents to write checks for adoption fees to the church so they could be treated as charitable contributions.

In May 1999, Perdue, Hendricks, and Brown pled guilty to Count One of the indictment but preserved their right to appeal the district court's ruling on the Government's motion in limine. That motion sought to prevent the Defendants from presenting evidence that they had a good faith belief the immigrants were not performing work within the meaning of the Immigration and Naturalization Service's regulations in order to negate the mens rea required by the statutes. The remaining counts of the indictment were dismissed. Brown was sentenced to a term of imprisonment of twelve months, Hendricks was sentenced to a term of imprisonment of twenty-four months, and Perdue was sentenced to a term of imprisonment of twenty-seven months. On appeal, this Court determined the district court had not

considered the most relevant case authority on the issue of the mens rea requirements of § 1324(a) and remanded for re-consideration under *United States v. Oloyede*, 982 F.2d 133 (4th Cir. 1992). *United States v. Hendricks*, No. 99-4562(L), 2000 WL 341914, at **3-4 (4th Cir. Apr. 3, 2000) (unpublished).

Following remand, a bench trial was held, and the district court entered its memorandum of decision finding all Defendants guilty of all counts. Perdue was sentenced to a term of seventy-two months imprisonment, Hendricks to a term of seventy-eight months imprisonment, and Brown to a term of fifteen months imprisonment. As a special term of supervised release, the Defendants were precluded from communicating with each other.

First, Defendants appeal the district court's denial of their motion in limine to exclude evidence relating to the New Life Adoption Agency and their involvement with the adoption of Estonian children by Americans. Defendants assert the district court erred in its holding that the evidence was direct evidence of the conspiracy charged in Count One of the indictment and, alternatively, that the evidence was admissible under Fed. R. Evid. 404(b). Defendants also assert evidence of acts relating to adoptions that occurred before the period charged in the indictment were not proper Rule 404(b) evidence because the probative value of such evidence was severely outweighed by the actual prejudice to the Defendants.

In denying the motion in limine, the district court found the language of the indictment broad enough to encompass the proffered evidence of the conspiracy if the Defendants were, within the time frame charged in the indictment, causing Estonian mothers to make false or misleading statements to obtain or seek to obtain visas. The court stated that even if the adoption evidence fell under Rule 404(b), it was evidence of criminal intent and would contradict contentions of good faith. Fed. R. Evid. 404(b). The district court reaffirmed its ruling during the course of the trial when the Government introduced two documents dated prior to the period of the indictment. The court clarified that evidence of acts prior to the date of the indictment would be Rule 404(b) evidence and admissible as such. We find this reasoning to be sound. The activities related to the Defendants' attempts to place Estonian children in adoptive homes in the United States were

undertaken in violation of the law. The instructions to prepare false and misleading responses on the visa applications for both the teenage Estonians and the mothers seeking to put their children up for adoption were part of the same conspiracy that was specifically identified in the indictment. Moreover, the evidence related to the Defendants' manipulation of the visa process for the mothers, which helped to explain the nature of the conspiracy and to fill in the details of the crime. *See United States v. Kennedy*, 32 F.3d 876, 885-86 (4th Cir. 1994); *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). We find there was no abuse of discretion in the court's finding that the adoption evidence was admissible as evidence of the visa fraud conspiracy and the evidence of prior acts was properly admitted as Rule 404(b) evidence. *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). We also find the motion in limine was properly denied. *See Malone v. Microdyne Corp.*, 26 F.3d 471, 480 (4th Cir. 1994) (stating standard of review).

Next, Defendants raise several issues related to their sentences. First, Defendants assert the district court vindictively increased their sentences after remand from this court. There is no presumption of vindictiveness when a district court imposes a greater penalty after trial than was imposed after a prior guilty plea. *Alabama v. Smith*, 490 U.S. 794, 801-02 (1989). At the eleven-day trial on remand, numerous prosecution witnesses (including the customers of the cleaning and furniture installation companies that employed the Estonians, a school official, and church members) were presented. Hendricks testified. There were over two hundred documents introduced at trial. The sentence imposed by the district court was proper under the sentencing guidelines. *See United States v. Olivares*, 292 F.3d 196, 198 & n.2 (4th Cir.), *cert. denied*, 123 S. Ct. 41 (2002). Defendants' assertion that the district court was vindictive in the imposition of sentence upon remand is meritless.

Next, Perdue and Hendricks contend the district court improperly enhanced their base offense levels for abuse of trust and improperly enhanced Hendricks' sentence for obstruction of justice. This Court reviews the district court's application of the sentencing enhancements de novo, and factual findings with respect to sentencing for clear error. *United States v. Bollin*, 264 F.3d 391, 415 (4th Cir.), *cert. denied*, 534 U.S. 935 (2001).

Hendricks and Perdue assert the victim of their false statements was the United States Government and they did not occupy a position of trust vis-a-vis the Government. The district court found that Hendricks and Perdue occupied positions of trust as Pastor and Assistant Pastor in relation to the Estonians and abused that trust. The district court's determination that an adjustment for abuse of trust applies is a factual question reviewed for clear error. *United States v. Akinkoye*, 185 F.3d 192, 203 (4th Cir. 1999). We find the district court did not clearly err in its factual finding that Hendricks and Perdue occupied a position of trust vis-a-vis the Estonians and they betrayed that trust such that the application of *U.S. Sentencing Guidelines Manual* § 3B1.3 (2000) was appropriate.

Hendricks appeals the district court's application of a two-level adjustment for obstruction of justice, USSG § 3C1.1. Hendricks was the only Defendant to testify at trial, and the district court found that Hendricks lied about four distinct matters. Hendricks contends that these matters were not material matters upon which he gave false testimony with the willful intent to deceive and related only to his personal knowledge and his intent. We find the record supports the district court's enhancement for obstruction of justice. *See United States v. Stotts*, 113 F.3d 493, 497 (4th Cir. 1997) (citing *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

Third, Hendricks and Perdue challenge the application of a two-level departure to the base offense level for abuse of the teenagers pursuant to USSG § 5K2.0 and a one level departure based on the tax fraud scheme. Hendricks and Perdue assert they did not receive adequate notice of the court's intent to depart upward. The court notified the Defendants that it was contemplating departures on Friday, November 16, 2001. Sentencing was Monday, November 19, 2001. A district court must give reasonable notice that it is contemplating an upward departure when the ground for the departure is not identified in the presentence report or a prehearing submission by the government. *Burns v. United States*, 501 U.S. 129, 138 (1991). Both factual bases for the upward departures were raised in the Government's sentencing memorandum filed on November 9, 2001. The Government sought an upward departure pursuant to USSG § 5K2.3 (psychological injury) based on the impact the Defendants had on the teenagers' lives. The Government also sought an upward departure

for uncharged conduct including the tax fraud in that same memorandum. This claim is thus meritless because Hendricks and Perdue had adequate notice of the factual bases for the departures in the Government's sentencing memorandum.

Hendricks and Perdue assert the court's finding of abuse of children pursuant to USSG § 5K2.0 is unsupported in the record. This contention is meritless. The court's ultimate decision to depart is reviewed for abuse of discretion, but its underlying factual findings are reviewed for clear error. *United States v. Rybicki*, 96 F.3d 754, 756-57 (4th Cir. 1996). Our review of the record demonstrates the district court did not clearly err in its finding that the children were abused.

Hendricks and Perdue assert the fraud in which they engaged as part of the scheme to bring the Estonians to the United States on visas acquired with fraudulent applications is not outside the heartland of the offense contemplated by the guidelines. They contend immigration fraud involving illegal workers normally includes such elements as lack of workers' compensation insurance and failure to deduct and pay payroll taxes. They also aver that to the extent the degree of fraud may take their case out of the heartland, it is mitigated by their belief that the Estonians were volunteers, not employees.

The district court found it appropriate to depart upward two levels because the evidence presented was "outside the heartland of normal cases involving visa fraud." *Id.*, at 758. The court specifically mentioned: (1) the adoption scheme, which was charged but not in the heartland of the visa fraud, including the use of innocent third parties to sponsor mothers and their children in conjunction with the purchase and attempted purchase of babies in Estonia for adoption in the United States; (2) the tax fraud scheme involving the acceptance of charitable deductions for adoption fees using the presumed tax exempt status of the church; and (3) the insurance fraud involving the acquisition of workers' compensation insurance that covered Hendricks only and not the Estonians, so that the cleaning service could provide businesses with proof of insurance. We find the district court did not clearly err in its factual findings and did not abuse its discretion in departing upward for the scope of the fraud perpetuated by Hendricks and Perdue.

Fourth, Defendants assert the district court's imposition as a special term of supervised release that "the defendant shall not meet or communicate with co-defendants," is overbroad, not narrowly tailored to meet the ends of rehabilitation and to protect the public, and an improper restriction on their First Amendment right of free association. The district court's decision to impose special conditions of supervised release is reviewed for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). "Probation conditions may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (*citing Malone v. United States*, 502 F.2d 554, 556-57 (9th Cir. 1974)); *see also United States v. Bortels*, 962 F.2d 558, 559-60 (6th Cir. 1992); *United States v. Showalter*, 933 F.2d 573, 575-76 (7th Cir. 1991). We find the restrictions placed on the Defendants do not unnecessarily interfere with the Defendants' right to associate.

Accordingly, we affirm Perdue's, Hendricks' and Brown's convictions and sentences. We deny Hendricks' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*