**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Candice McGRAW, Defendant–
Appellant.**

No. 15–1460.

United States Court of Appeals,
Sixth Circuit.

Oct. 20, 2015.

BEFORE: ROGERS and DONALD,
Circuit Judges; and ROSE, District
Judge.*

---

* The Honorable Judge Thomas M. Rose, District Judge for the Southern District of Ohio, sitting by designation.

ROSE, District Judge.

Candice McGraw pled guilty to conspiracy to commit wire fraud and was sentenced to time served and a term of supervised release. McGraw violated the conditions of her supervised release and was twice ordered to reside at a residential re-entry center. When McGraw committed further violations, the United States Probation Office petitioned for revocation of her supervised release. After a hearing on the petition, the district court sentenced McGraw to serve six months in custody and another twenty-four months of supervised release, during which she is required to participate in mental health counseling. On appeal, McGraw objects to one aspect of the mental health counseling: that her probation officer will be provided access to her treatment information. McGraw argues that, by removing the confidentiality of her counseling sessions, the district court undermined the effectiveness of her treatment without furthering any of the other factors relevant to setting conditions for supervised release under 18 U.S.C. §§ 3583(d) and 3553(a). Based on McGraw's criminal history and repeated violations of the conditions of her original term of supervised release, the district court did not abuse its discretion by requiring that information about McGraw's mental health counseling be provided to her probation officer. By imposing this condition, the district court struck a reasonable balance between serving McGraw's need for rehabilitation and the public's interest in encouraging her compliance with the law.

## I. BACKGROUND

On July 22, 2013, McGraw pled guilty to conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349 in the United States District Court for the Western District of New York. Doc. 40-2 at PAGEID # 145. On November 20, 2013, the district court sentenced McGraw to time served and three years of supervised release. Doc. 40-3 at PAGEID # 146–148. About three weeks later, on December 12, 2013, jurisdiction over McGraw's supervised release was transferred to the United States District Court for the Western District of Michigan. Doc. 38 at PAGEID # 102.

On May 28, 2014, the United States Probation Office ("Probation") notified the district court that McGraw had violated the conditions of her supervised release by testing positive for marijuana. Doc. 46 at PAGEID # 182. The district court did not take any disciplinary action at that time. *Id.* Less than a month later, the district court was notified that McGraw committed additional violations of her supervised release by, among other violations, falsifying monthly reports and associating with a felon. *Id.* As a result, on June 20, 2014, the district court ordered McGraw to reside at a residential re-entry center for ninety days. *Id.* On February 17, 2015, after McGraw admitted to further marijuana use, the district court ordered McGraw to spend another 120 days at the re-entry center. *Id.*

On April 6, 2015, Probation filed a petition to revoke McGraw's supervised release based on five new alleged violations, including possession of marijuana, failure to attend substance abuse testing and treatment, and failure to follow re-entry center rules and regulations. Doc. 46 at PAGEID # 183–184. At the revocation hearing on April 17, 2014, McGraw admitted committing all of the alleged violations. Doc. 62 at PAGEID # 242–244. McGraw's counsel stated that McGraw had been a victim of statutory rape and domestic violence, struggled with depression and drug dependency, and wanted mental health counseling. *Id.* at PAGEID # 245–250. McGraw was concerned, however, that in-

formation discussed during any court-ordered counseling would be disclosed to her probation officer, and therefore requested that she be permitted to pursue "private mental health counseling" if sentenced to another term of supervised release. *Id.* at ID # 250. McGraw's counsel indicated that McGraw believed that she had insurance coverage that would cover such private counseling. *Id.*

The district court acknowledged the "traumas" that McGraw had suffered in her life and the "troubles" that she "didn't bring upon herself." *Id.* at PAGEID # 257–258. However, the district court also noted that McGraw had committed a "series of violations" of her supervised release and had "pretrial troubles"—involving alleged prostitution and credit card fraud—while awaiting trial in the Western District of New York. Such conduct, the district court reasoned, demonstrated "a pattern of negative adjustment" to court supervision. *Id.* at PAGEID # 253, 261. At the conclusion of the hearing, the district court sentenced McGraw to six months in custody and 24 months of supervised release. Doc. 62 at PAGEID # 262. As part of her supervised release, McGraw was ordered to participate in mental health assessment and counseling on the terms that the court customarily used for defendants on supervised release. *Id.* This meant that McGraw's treatment provider would be required to disclose information about her treatment to her probation officer. *Id.* The district court stated that nothing in its order, however, would prevent McGraw from privately seeking treatment from a different provider, which would not involve the same disclosure obligations. *Id.* at PAGEID # 262–263. The district court recognized that its sentence did not resolve McGraw's concerns about the confidentiality of her counseling, but stated that it was intended to "give[ ] her a sense of accountability that she will be held to account regardless of the problems in her life." *Id.* at PAGEID # 263. The district court then entered judgment. Doc. 40–3. On April 20, 2015, McGraw timely filed a notice of appeal. Doc. 60 at PAGEID # 232.

On appeal, McGraw objects only to the condition of her supervised release requiring that her probation officer be provided access to information about her mental health assessment and counseling. Petitioner's Br. at 2. McGraw argues that the district court abused its discretion by imposing this requirement because it undermined the effectiveness of her mental health counseling without serving any "legitimate penological, rehabilitative, or therapeutic purpose" or promoting any "societal goal." *Id.* at 6.

## II. STANDARD OF REVIEW

We review a district court's imposition of a condition of supervised release for abuse of discretion. *United States v. Kingsley,* 241 F.3d 828, 835 (6th Cir.2001) (citing *United States v. Ritter,* 118 F.3d 502, 504 (6th Cir.1997)). Under this standard, reversal of the district court is permitted "only in comparatively extreme circumstances." *Kingsley,* 241 F.3d at 835. "Generally, an abuse of discretion is evident 'when the reviewing court is firmly convinced that a mistake has been made. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.' " *Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560 (6th Cir.2000) (brackets omitted) (quoting *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995)).

"A sentencing court may order as a condition of supervised release any condi-

tion that it considers to be appropriate to the extent that such condition:

(1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission."

*Ritter*, 118 F.3d at 504 (citing 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); U.S.S.G. § 5D1.3(b)). "This Circuit mandates that where a condition of supervised release is reasonably related to the dual goals of probation, [namely] the rehabilitation of the defendant and the protection of the public, it must be upheld." *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir.1992).

## III. ANALYSIS

We have yet to address the precise question raised on appeal—whether, as a condition of supervised release, a district court may require a defendant to participate in a program of mental health counseling in which the defendant's probation officer will have access to her treatment information. Circuits that have addressed this question have found that such a condition is permissible because it reasonably relates to the purposes of probation. *See United States v. Wayne*, 591 F.3d 1326, 1333 (10th Cir.2010) (determining that the district court did not abuse discretion by requiring disclosure of mental health eval-

uation to probation officer to assist in determining whether further mental health counseling was needed); *United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir.2001) (concluding that the district court did not abuse its discretion by requiring release of information about defendant's mental health evaluations as the district court "could well conclude that disclosure ... was necessary for successfully supervising his reintegration into society"); *United States v. Cooper*, 171 F.3d 582, 587 (8th Cir.1999) (finding that the district court did not abuse its discretion in requiring defendant to waive the confidentiality of psychiatric and medical records because it "reasonably amplifies" the standard condition that defendant truthfully answer all of his probation officer's inquiries); *see also United States v. Dupes*, 513 F.3d 338, 344–45 (2d Cir.2008) (on plain error review, upholding condition of supervised release requiring waiver of confidentiality in mental health treatment records so that they could be accessed by defendant's probation officer).

McGraw's argument is premised on the psychotherapist-patient privilege, which is an evidentiary privilege that protects against the compelled disclosure of confidential communications between a therapist and a patient. Petitioner's Brief at 9–16 (citing, among others, *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)). McGraw concedes that this privilege does not apply to a district court's sentencing for supervised release violations. Petitioner's Brief at 19. Instead, McGraw argues that the interests that supported recognition of the psychotherapist-patient privilege should bar the district court from requiring that McGraw's probation officer be provided access to information about her mental health counseling. Petitioner's Brief at 16–20 (citing *Jaffee*, 518 U.S. at 19, 116 S.Ct. 1923; *United States v. Hayes*, 227

F.3d 578, 581–82 (6th Cir.2000); *In re Zuniga*, 714 F.2d 632, 639 (6th Cir.1983)).

In *Jaffee*, *Hayes*, and *Zuniga*, the Supreme Court and this Circuit recognized the important role that confidentiality plays in the psychotherapist-patient relationship. Namely, if would-be patients believe that the confidentiality of counseling sessions may be breached, then they may decline to seek treatment or withhold information that needs to be disclosed for their treatment to be effective. The Supreme Court, as did we, recognized that maintaining the confidentiality of this relationship serves both private and public interests. *Jaffee*, 518 U.S. at 11, 116 S.Ct. 1923; *Zuniga*, 714 F.2d at 638–39. Specifically, the patient is more likely to seek treatment, the treatment is also likely to be more effective, and the public benefits from the greater likelihood that an individual will be rehabilitated who might otherwise pose a risk to the community. *Id.* In *Jaffee*, the Supreme Court weighed these private and public interests in confidentiality against the need for probative evidence. 518 U.S. at 11–12, 116 S.Ct. 1923. As the evidentiary benefit was modest, the Supreme Court determined (as we did in *Zuniga*) that federal courts should recognize the psychotherapist-patient privilege. *Id.* at 12, 116 S.Ct. 1923.

Although the same interests in rehabilitation and protection of the public are present here, they arise in a substantially different context than was before the Supreme Court in *Jaffee*. In *Jaffee*, the Supreme Court considered the chilling effect that breaching the confidentiality of the psychotherapist-patient relationship would have on individuals voluntarily seeking mental health treatment. 518 U.S. at 11–12, 116 S.Ct. 1923. In this case, the interests in rehabilitation and protection of the public arise in the context of determining an appropriate sentence for someone who

has been convicted of a crime, repeatedly violated the conditions of her supervised release, and been ordered to participate in mental health treatment. Moreover, these interests are just two factors, among several, that the district court may properly consider when determining the appropriate conditions of supervised release. 18 U.S.C. § 3583(d) (incorporating factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)). Section 3583(d) requires only that the court's conditions of supervised release be "reasonably related" to the specified sentencing factors. *Id.* It does not require that all factors be incorporated into the court's conditions or that the court prioritize any factor over another. *Id.* Thus, the statute provides considerable discretion to the district judge to impose the conditions that it deems appropriate based on the particular circumstances before the court.

Here, the district court did not abuse its discretion. It recognized that McGraw could benefit from mental health treatment, but also noted that her criminal history demonstrated "a pattern of negative adjustment to supervision." (R.62: Rev. Hr'g Tr., ID # 261.) The district court reasonably concluded that an appropriate course to address McGraw's need for treatment and encourage her compliance with the law was to require her participation in mental health counseling and provide her probation officer with access to her treatment information. As other circuits have concluded, such conditions may assist Probation in determining whether further treatment is required and, ultimately, supervising her successful reintegration into society. *Wayne*, 591 F.3d at 1333; *Lopez*, 258 F.3d at 1057. The district court explicitly stated that McGraw was free to seek private counseling on a confidential basis, in addition to her court-ordered treatment. The district court therefore did not impose any greater

deprivation of liberty on McGraw than was reasonably necessary to achieve the rehabilitative and public safety purposes of her supervised release. 18 U.S.C. § 3583(d)(2).

The judgment of the district court is **AFFIRMED.**