FILED
United States Court of Appeals
Tenth Circuit

January 14, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACQUELINE CHRISTINE WAYNE,

Defendant - Appellant.

No. 09-1015

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 08-CR-00385-MSK-1)**

---

Lee Thomas Judd, Littleton, Colorado, for Defendant-Appellant.

Martha A. Paluch, Assistant United States Attorney (David M. Gaouette, Acting United States Attorney, with her on the briefs), Denver, Colorado, for Plaintiff-Appellee.

_____

Before **HENRY**, Chief Judge, **SEYMOUR,** and **HOLMES**, Circuit Judges.

_____

**HOLMES**, Circuit Judge.

_____

Defendant-Appellant Jacqueline C. Wayne pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and received a sentence of thirty-seven months in prison followed by three years of supervised release. After

serving the custodial sentence, Ms. Wayne was alleged to have violated a special condition of her supervised release by failing to participate in a mental health evaluation as directed by her probation officer. The district court held a hearing during which it interpreted the meaning of that special condition and ordered Ms. Wayne to comply. Ms. Wayne now appeals the district court's order. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742[1] and affirm the

---

[1]    This action raises a threshold question of ripeness because the district court has not found that Ms. Wayne violated the special conditions and has not revoked her supervised release. "[F]or a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a clean-cut and concrete form." *Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (internal quotation marks omitted). Although neither party claims that the absence of ripeness deprives this court of jurisdiction to resolve this action, "[e]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . ., even though the parties are prepared to concede it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation marks omitted).

In *United States v. White*, this court analyzed the ripeness of a defendant's challenge to three conditions of supervised release. 244 F.3d 1199, 1202–04 (10th Cir. 2001). The district court had "sentenced [the defendant] to six months in custody followed by two years of supervised release with five special conditions." *Id.* at 1201. After serving the custodial sentence, the defendant challenged three conditions on appeal. *Id.* at 1201–02. This court found that the defendant's claims were ripe for review, even though the government had not attempted to enforce the conditions and the defendant had not violated them. *Id.* at 1202–04. This court noted that "because the statute, 18 U.S.C. § 3583, makes supervised release a discretionary component of a final sentence, and it is punishment, appellate courts have jurisdiction to consider the legality of its terms." *Id.* at 1203 (citation and internal quotation marks omitted). Furthermore, this court noted the presence of the following five factors:

(1) we have "case or controversy" jurisdiction; (2) the issues are legal ones that we can easily resolve without reference to

(continued...)

-2-

district court's order.

## I.  BACKGROUND

In February 2004, Ms. Wayne was indicted in the U.S. District Court for the Western District of Missouri (the "sentencing court") on five counts of wire fraud, in violation of 18 U.S.C. § 1343.  She pleaded guilty to Count 1 of the

---

[1](...continued)

> concrete facts; (3) defendant will experience a hardship if we do not resolve the issues; (4) the traditional canons that counsel against hearing these sorts of challenges are inapplicable in the context of supervised release conditions; and (5) the judicial system has an interest in dealing with this case as expeditiously as possible, instead of waiting for a distinct appeal of a conviction for a violation of the conditions of release.

*Id.* (quoting *United States v. Loy*, 237 F.3d 251, 261 (3d Cir. 2001)).  This court concluded that the defendant had established hardship because any violation of the special conditions would likely lead to his incarceration.  *Id.* at 1203-04.  Thus, this court found the defendant's claims were ripe for review.

Ms. Wayne's appeal is likewise ripe for review.  Ms. Wayne has completed her term of imprisonment and is currently on supervised release.  Unlike *White*, this action arises from the government's attempt to enforce the supervised release condition by asking the district court to order Ms. Wayne to release her mental health evaluation to the probation office.  At the hearing, the district court warned Ms. Wayne that if she does not comply with the orders of the court, she might face revocation of her supervised release.  Based on this meaningful possibility of re-incarceration, Ms. Wayne will face hardship if this court does not resolve the issue.  This court also may easily dispose of this action on the merits, without the need for more concrete facts.  Furthermore, a finding of ripeness promotes judicial efficiency because Ms. Wayne is pursuing her "appellate right to challenge a final order of the District Court"—the kind of order that this court reviews all of the time.  *Loy*, 237 F.3d at 261.  Finally, this court has an interest in expeditiously resolving this action, rather than remanding it for a distinct appeal of a conviction for violating the supervised release conditions.

indictment. Ms. Wayne received a sentence of thirty-seven months' imprisonment, followed by three years' supervised release. As a special condition of supervised release, the sentencing court ordered Ms. Wayne to "participate in a mental health evaluation as directed by the Probation Office for the purpose of determining if mental health counseling is needed while under supervision" (the "initial supervised release condition"). Aplt. Am. App. at 21. Ms. Wayne raised no objections to the initial supervised release condition at the sentencing hearing. She also failed to file a direct appeal challenging her sentence or her initial supervised release condition.

In April 2008, after serving her term of imprisonment, Ms. Wayne began her term of supervised release. She was instructed by her probation officer to attend a mental health evaluation at Correctional Psychology Associates ("CPA") in Denver, Colorado. Although Ms. Wayne reported to the scheduled evaluation, she refused to sign a release authorizing the probation office to receive the evaluation results. Without this release, CPA declined to perform an evaluation.

In September 2008, the sentencing court transferred jurisdiction over Ms. Wayne's supervision to the U.S. District Court for the District of Colorado (the "district court"), pursuant to 18 U.S.C. § 3605. The probation office subsequently sent a memorandum to the district court recommending that it conduct a compliance review hearing because of Ms. Wayne's refusal to participate in the mental health assessment.

In December 2008, the district court held a hearing regarding Ms. Wayne's alleged failure to comply with the initial supervised release condition. At the hearing, the district court ordered Ms. Wayne to "engage in the [mental health] evaluation and . . . [to] sign a release that authorizes that evaluation to be submitted to the probation office." Aplt. Am. App. at 47. The district court also "modifie[d] the conditions of supervised release to authorize the probation office to give . . . a copy of the Presentence Report" to the mental health evaluator. *Id.* at 47–48. Furthermore, over the objection of Ms. Wayne, the district court ordered her to cooperate with the mental health evaluator and to sign a release authorizing the evaluator to have access to her prior medical records, if they were necessary to complete the evaluation. The district court assured Ms. Wayne that the probation office would not have access to any medical records that preceded the mental health evaluation. The district court ultimately stated that, "[i]f the evaluation shows that Ms. Wayne needs treatment, then the probation office can request a modification of this supervised release condition and I will make a determination as to whether treatment will be required or not." *Id.* at 47. Ms. Wayne now appeals the district court's order.

## II. DISCUSSION

Ms. Wayne argues that the district court abused its discretion to impose supervised release conditions when it: (1) ordered the release of her mental health evaluation to the probation office; and (2) ordered the release of her prior

medical records to the mental health evaluator. She also claims that the district

court erred in delegating a judicial function to the probation office.

## A. Special Conditions of Supervised Release

"We review the district court's decision to impose special conditions of

supervised release for abuse of discretion." *United States v. Hahn*, 551 F.3d 977,

982 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1687 (2009). District courts have

broad discretion to prescribe conditions on supervised release, pursuant to 18

U.S.C. § 3583(d) and other applicable laws. *United States v. Hanrahan*, 508 F.3d

962, 970 (10th Cir. 2007). Section 3583(d) provides, in pertinent part, as follows:

> The court may order, as a further condition of supervised
> release, to the extent that such condition–
>
> (1) is reasonably related to the factors set forth in
> section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is
> reasonably necessary for the purposes set forth in
> section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements
> issued by the Sentencing Commission pursuant to 28
> U.S.C. 994(a);
>
> any condition set forth as a discretionary condition of
> probation in section 3563(b) and any other condition it
> considers to be appropriate . . . .[2]

18 U.S.C. § 3583(d).

---

[2]     The U.S. Sentencing Guidelines include identical requirements for
the imposition of special conditions. U.S.S.G. § 5D1.3(b).

When read in conjunction with 18 U.S.C. § 3553(a), a special condition must be reasonably related to either "the nature and circumstances of the offense and the history and characteristics of the defendant," or one of the three underlying purposes of a sentence: "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* §§ 3553(a)(1), (a)(2)(B)-(D), 3583(d)(1); *see Hahn*, 551 F.3d at 983–84 ("While the condition must satisfy both § 3583(d)(1) (requiring reasonable relationship to the § 3553 factors) and § 3583(d)(2) (involv[ing] no greater deprivation of liberty than necessary), it does not need to be reasonably related to all of the factors in § 3553." (citation omitted)). A special condition also must "involve[] no greater deprivation of liberty than is reasonably necessary" to implement at least one of the three statutory purposes of sentencing. 18 U.S.C. §§ 3583(d)(2) (citing 18 U.S.C. § 3553(a)(2)(B)-(D)); *see United States v. Edgin*, 92 F.3d 1044, 1049 n.5 (10th Cir. 1996). Finally, a special condition must be consistent with the pertinent policy statements in the U.S. Sentencing Guidelines. 18 U.S.C. § 3583(d)(3).

## 1. Release of Mental Health Evaluation to Probation Office

Ms. Wayne argues that the district court abused its discretion when it ordered her to sign a release authorizing the submission of her mental health

evaluation to the probation office. She claims that: (1) the district court's order unreasonably deprived her of liberty;[3] (2) the initial supervised release condition required only a mental health evaluation and not mental health counseling; and (3) the sentencing court lacked a factual and legal basis to require mental health counseling as a special condition.[4] These claims lack merit.

### a. Unreasonable Deprivation of Liberty

Ms. Wayne first argues that the district court's order unreasonably deprived her of liberty. Under 18 U.S.C. § 3583(d), a district court may impose "any condition set forth as a discretionary condition of probation in [18 U.S.C. §] 3563(b)." Section 3563(b)(9), in turn, authorizes a district court to require a defendant to "undergo available medical, psychiatric, or psychological treatment"

---

[3]    Ms. Wayne limits the scope of her statutory claims under 18 U.S.C. § 3583(d). Although she claims a "deprivation of liberty" under 18 U.S.C. § 3583(d)(2), she never argues that the mental health evaluation is not reasonably related to the § 3553 factors referenced in 18 U.S.C. § 3583(d)(1), or is inconsistent with the pertinent policy statements in the Sentencing Guidelines referenced in 18 U.S.C. § 3583(d)(3).

[4]    Ms. Wayne also argues in her reply brief that the mental health evaluator has a potential conflict of interest and an appearance of impropriety. In particular, Ms. Wayne asserts that the federally contracted provider performing the mental health evaluation would have a pecuniary interest in recommending treatment because it ultimately would provide such treatment. Because Ms. Wayne raised this argument for the first time in her reply brief, she has waived it on appeal. Fed. R. App. P. 28(a)(9)(A) (requiring an appellant's opening brief to identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

as a special condition on supervised release to the extent this condition "involve[s] only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)," 18 U.S.C. § 3563(b)(9), which include "provid[ing] the defendant with needed . . . medical care[] or other correctional treatment in the most effective manner." *id.* § 3553(a)(2)(D); *see United States v. Barajas*, 331 F.3d 1141, 1144–45 (10th Cir. 2003).

The district court did not deprive Ms. Wayne of liberty more than was reasonably necessary to provide her with needed medical care or other correctional treatment. The district court did not abuse its discretion in concluding that the probation office needs the mental health evaluation to determine whether to recommend that she receive mental health counseling during her supervised release term.[5] Without the evaluation, the probation office would

---

[5]     Individuals on supervised release already have somewhat constrained rights. In particular, these individuals

> are not entitled to the full panoply of rights and protections possessed by the general public. Indeed, the Supreme Court has noted that [a] broad range of choices that might infringe constitutional rights in a free society fall within the expected conditions . . . of those who have suffered a lawful conviction, and that conditional releases may claim only . . . conditional liberty properly dependent on observance of special parole restrictions that extend substantially beyond the ordinary restrictions imposed by law on an individual citizen.

*Banks v. United States*, 490 F.3d 1178, 1187 (10th Cir. 2007) (alteration in
(continued...)

have no basis on which to make that determination. The district court also limited its order to the release of the evaluation and did not order the release of her preceding medical records to the probation office. Other courts have routinely upheld the release of a supervisee's mental health records to enable a probation officer to ensure compliance with supervised release conditions. *United States v. Dupes*, 513 F.3d 338, 344–45 (2d Cir.), *cert. denied*, 128 S. Ct. 1686 (2008); *United States v. Lopez*, 258 F.3d 1053, 1055–57 (9th Cir. 2001); *United States v. Cooper*, 171 F.3d 582, 587 (8th Cir. 1999).

Finally, Ms. Wayne cannot claim that the district court had no basis for its order merely because four years have elapsed since her sentencing. "Because conditions of supervised release always follow an individual's release from prison, those who serve lengthy terms of incarceration are necessarily subject to conditions of release that were first imposed many years before." *Hahn*, 551 F.3d at 984.

### b. Mental Health Counseling

Ms. Wayne contends that the initial supervised release condition required only a mental health evaluation and not mental health counseling. In the initial supervised release condition, the sentencing court required Ms. Wayne to

---

[5](...continued)
original) (citations and internal quotation marks omitted); *accord United States v. Knights*, 534 U.S. 112, 119 (2001) ("[P]robationers do not enjoy the absolute liberty to which every citizen is entitled." (internal quotation marks omitted)).

"participate in a mental health evaluation as directed by the Probation Office *for the purpose of determining if mental health counseling is needed while under supervision*." Aplt. Am. App. at 21 (emphasis added). Although the sentencing court unambiguously required Ms. Wayne to have a mental health evaluation, it did so only for the purpose of determining whether to mandate future mental health counseling. As stated *supra*, without the mental health evaluation, the probation office would have no basis on which to determine whether to recommend mental health counseling. Furthermore, the district court suggested that it would have to modify the initial supervised release condition to require Ms. Wayne to undergo mental health counseling.

### c. Factual and Legal Basis

Finally, Ms. Wayne claims that the sentencing court lacked any factual and legal basis to require mental health counseling as a special condition. She claims that mental health counseling was not related to the charges against her, her prior mental health history was too remote in time to be related to the initial supervised release condition, and the sentencing court's judgment imposing this condition violated *United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000), and *United States v. Hopson*, 203 F. App'x 230 (10th Cir. 2006).[6]

---

[6] Ms. Wayne also argues that the sentencing court failed to provide any basis for requiring a mental health evaluation as a special condition. While "the [sentencing] court is required to give reasons on the record for the imposition of special conditions for supervised release," *Hahn*, 551 F.3d at 982, the

(continued...)

-11-

This argument challenges the initial supervised release condition imposed by the sentencing court. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." As the government argued, Ms. Wayne should have challenged the legal and factual basis of the initial supervised release condition on direct appeal from the sentencing court's judgment. Because Ms. Wayne neglected to raise this claim at that time, she is time-barred from doing so now. *See Mitchell*, 518 F.3d at 744 ("[T]he time bar in Rule 4(b) must be enforced by this court when properly invoked by the government.").

## 2. Release of Prior Medical Records to Mental Health Evaluator

Ms. Wayne argues that the district court abused its discretion when it ordered her to release her prior medical records to the mental health evaluator.[7]

_____

[6](...continued)
sentencing court neglected to do so in this action. Nevertheless, this procedural challenge is time-barred because Ms. Wayne failed to appeal the sentencing court's judgment. Fed. R. App. P. 4(b)(1)(A); *see United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). Ms. Wayne also has waived this argument on appeal because she failed to raise it in her opening brief. Fed. R. App. P. 28(a)(9)(A); *Bronson*, 500 F.3d at 1104.

[7]     Ms. Wayne initially argued that the district court had abused its discretion in ordering the release of her presentence report ("PSR") to the mental health evaluator. In general, PSRs are not public records and may not be released to third parties. Fed. R. Crim. P. 32(c)(1)(A), (e)(2) (authorizing the release of a
(continued...)

She claims that the district court: (1) modified the terms of her supervised release; and (2) unreasonably deprived her of liberty.

### a. Modified Terms

Ms. Wayne contends that the district court modified the terms of her supervised release by "expanding an already improper order to provide a mental health evaluation."[8] Aplt. Am. Opening Br. at 17. Under the initial supervised

[7](...continued)
PSR to the court, the defendant, the defendant's attorney, and the government's attorney); *United States v. Green (In re Siler)*, 571 F.3d 604, 610 (6th Cir. 2009); *see U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (collecting cases); *see also United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976) ("The presentence report is not a public record . . . ." (internal quotation marks omitted)). Nevertheless, PSRs may be released "to the extent that [the PSRs] or portions of them *are placed on the court record* or authorized for disclosure to serve the interests of justice." *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir. 1985) (emphasis added); *accord United States v. Alexander*, 860 F.2d 508, 514 (2d Cir. 1988) (requiring "a showing of compelling need"); *United States v. Schlette*, 842 F.2d 1574, 1579 (9th Cir. 1988) (requiring a showing that the disclosure of the PSR "is necessary to serve the ends of justice" (internal quotation marks omitted)).

In this action, Ms. Wayne submitted a full copy of her PSR in the Amended Appendix, without filing the PSR under seal. *Cf. United States v. Kahn*, 175 F.3d 518, 523 (7th Cir. 1999) ("[W]here materials are submitted under seal, the party seeking disclosure must make a specific showing of need to be allowed access to a document." (internal quotation marks omitted)). Because the PSR now appears on the public record, Ms. Wayne has waived any liberty, property, or privacy interest in it. Furthermore, at oral argument, Ms. Wayne's counsel conceded that she had waived this argument.

[8] Ms. Wayne may not argue that the sentencing court abused its discretion in imposing the initial supervised release condition. As discussed *supra*, Ms. Wayne is time-barred from raising this issue because she failed to challenge the sentencing court's judgment on direct appeal. Fed. R. App. P.
(continued...)

-13-

release condition, however, the sentencing court ordered Ms. Wayne to "participate in a mental health evaluation as directed by the Probation Office for the purpose of determining if mental health counseling is needed while under supervision." Aplt. Am. App. at 21. The district court explained that this condition requires Ms. Wayne to "cooperate with the doctor who is going to perform this evaluation because the evaluation is meaningless if the doctor doesn't have adequate information." *Id.* at 49. The district court further noted that "it's not [Ms. Wayne's] call as to what information that doctor needs in order to make the evaluation." *Id.* Although Ms. Wayne claims that her prior diagnoses of depression are too remote to support the district court's expansion of the special conditions, the district court merely sought to compel her compliance with the initial supervised release condition by ensuring that the mental health evaluator had any medical records necessary to complete the evaluation. Thus, the district court did not modify the terms of Ms. Wayne's supervised release.

### b. Unreasonable Deprivation of Liberty

Ms. Wayne also asserts that this order unreasonably deprived her of liberty, property, and privacy because it was based on events that were "so remote in time as to have no value or relation to this matter." Aplt. Am. Opening Br. at 17. Under 18 U.S.C. § 3583(d), the district court required Ms. Wayne to release her

---

[8](...continued)
4(b)(1)(A); *see Mitchell*, 518 F.3d at 744.

prior medical records to the mental health evaluator in order to effectuate the initial supervised release condition of the sentencing court regarding a mental health evaluation and, if necessary, treatment.

The initial supervised release condition qualifies as a discretionary condition of probation listed in 18 U.S.C. § 3563(b), which authorizes the court to require a defendant to "undergo available medical, psychiatric, or psychological treatment." 18 U.S.C. § 3563(b)(9); *see Barajas*, 331 F.3d at 1144. Because § 3563(b) authorizes a court to impose psychiatric or psychological treatment as a special condition, it logically follows that this provision also must authorize district courts to enter orders that are reasonably necessary to effectuate such a special condition. Courts have upheld the disclosure of a supervisee's mental health records to a treatment provider to facilitate treatment. *United States v. Daniels*, 541 F.3d 915, 929 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1600 (2009); *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 957 (2009).

The district court's directive to Ms. Wayne was just such an effectuating order. It directed Ms. Wayne to release her prior medical records to allow a properly informed mental evaluation to take place so that a determination could be made concerning whether she needed mental health treatment. Under the order, Ms. Wayne only has to release her prior medical records to the extent that the mental health evaluator needs them to make a proper evaluation. It is not

-15-

certain that the mental health evaluator would even request Ms. Wayne's prior medical records.[9]  Even if the mental health evaluator were to request the records, the district court assured Ms. Wayne that they would not be available to the probation office.  Because the release of the prior medical records is reasonably necessary to ensure compliance with the initial supervised release condition, the district court did not impermissibly deprive Ms. Wayne of her liberty, property, or privacy when it required her to release those records to the mental health evaluator—*viz.*, the district court did not impinge upon these legitimate interests any more than reasonably necessary to effectuate the initial supervised release condition.

## B.    Delegation to Probation Office

We review Ms. Wayne's constitutional challenge to the probation office's authority to recommend mental health counseling de novo.  *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).  Ms. Wayne argues that the district court improperly delegated a judicial function to the probation office in violation of Article III of the United States Constitution.  She contends that the district court ceded ultimate control over the imposition of mental health counseling to

---

[9]    Ms. Wayne also argues that the district court's order was too broad because it essentially would grant the mental health evaluator access to "medical records which are so totally unrelated to any possible issue as to constitute a complete invasion of privacy."  Aplt. Reply Br. at 12.  Although Ms. Wayne made this argument before the district court, she did not raise this argument on appeal until her reply brief.  Thus, Ms. Wayne waived this argument.  Fed. R. App. P. 28(a)(9)(A); *Bronson*, 500 F.3d at 1104.

the probation office.[10]  This argument is without merit.

A court may delegate limited authority to a probation officer as long as the court retains and exercises ultimate authority over all of the supervised release conditions. *Id.* at 1307.  In this action, the district court stated that "if the evaluation shows that Ms. Wayne needs treatment, then the probation office can request a modification of this supervised release condition and *I will make a determination as to whether treatment will be required or not*."  Aplt. Am. App. at 47 (emphasis added).  At most, the district court delegated to the probation officer the power to recommend future mental health treatment.  Because the district court retained the ultimate authority to require Ms. Wayne to undergo mental health counseling, this condition was not an improper delegation of judicial power.  *Cf. Davis*, 151 F.3d at 1307 (holding that a sentencing court had not improperly delegated judicial power to probation officers when it required them to recommend revocation proceedings).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order.

---

[10]  To the extent Ms. Wayne contends that the sentencing court improperly delegated authority over this condition to the probation office, she is time-barred from raising this issue because she failed to challenge the sentencing court's judgment on direct appeal.  Fed. R. App. P. 4(b)(1)(A); *see Mitchell*, 518 F.3d at 744.