FILED
United States Court of Appeals
Tenth Circuit

June 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARLAND DEON GAINES,

Defendant - Appellant.

No. 14-5044
(D.C. No. 4:96-CR-00045-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 1996, Defendant-Appellant Arland Deon Gaines was convicted of one count of possession of a controlled substance with intent to distribute and two counts of possession of a firearm after a former felony conviction. He was sentenced to 240 months' incarceration and a ten-year term of supervised release. The sentencing court ordered Gaines to comply with multiple conditions of supervised release, only four of which are relevant in this matter. Gaines was: (1) prohibited from committing another federal, state, or local crime; (2) required to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer"; (3) ordered to refrain from purchasing, possessing, or using any controlled substance; and (4) required to notify his probation officer within seventy-two hours of being arrested. Gaines was released from incarceration in August 2013 and began serving his term of supervised release.

On February 20, 2014, Gaines's probation officer petitioned the district court to revoke Gaines's supervised release. According to the petition, Gaines violated the conditions of supervised release by committing a crime, not reporting an arrest to the probation officer, testing positive for cocaine, and failing to follow the instructions of the probation officer. Gaines stipulated to testing positive for cocaine and failing to report his arrest for violating a protective order. After a hearing, the district court found him in violation of the remaining

two conditions of his supervised release. Relevant to this appeal, one of those violations was Gaines's failure to follow his probation officer's instruction to not have contact with Alesia Philpotts, Gaines's girlfriend. The district court sentenced Gaines to eleven months' imprisonment and forty-nine months of supervised release.

## II. DISCUSSION

Gaines argues the district court committed plain error by considering his failure to comply with the instructions of his probation officer as a basis for the revocation of his supervised release. Because Gaines did not raise this issue before the district court, we review for plain error. *United States v. Edwards*, 782 F.3d 554, 561 (10th Cir. 2015). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 562 (quotations omitted). Our jurisdiction arises under 28 U.S.C. § 1291.

Gaines does not challenge the facts underlying the district court's finding that he failed to follow the instructions of his probation officer. Instead, he argues the probation officer lacked the lawful authority to order him to refrain from associating with Ms. Philpotts. Relying on this court's decision in *United States v. Mike*, Gaines asserts a sentencing judge may not delegate the duty of imposing sentence to a probation officer. 632 F.3d 686, 695 (10th Cir. 2011). He

argues his probation officer had no authority under the relevant condition to instruct him to avoid contact with Ms. Philpotts because that instruction impinged on his constitutionally protected interest in freedom of intimate association. *Cf. Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). Thus, he argues, the probation officer's instruction affected the nature or extent of his punishment and was an improper exercise of the officer's power under the terms of the relevant condition of supervised release.[1] *Mike*, 632 F.3d at 695. Gaines argues that, but for the court's error, his supervised release would not have been revoked and a new sentence would not have been imposed.

Even assuming the district court plainly erred by basing its ruling, in part, on Gaines's failure to follow the instruction of his probation officer, Gaines is not entitled to relief because he cannot show the alleged error affected his substantial rights. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1243 & n.3 (10th Cir. 2008) (addressing only the third prong of the plain error test). To meet his burden under the third prong, Gaines must demonstrate the alleged error affected his substantial rights. *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir.

---

[1]As we understand Gaines's argument, he is not challenging the validity of the previously imposed condition that he "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Nor could he raise such an argument in this appeal. *United States v. Wayne*, 591 F.3d 1326, 1334 (10th Cir. 2010) (holding a defendant must challenge the legal and factual basis of a supervised release condition on direct appeal). Instead, he is alleging the specific instruction given by his probation officer exceeded the authority delegated to her under the terms of that condition.

2006). Gaines argues the alleged error affected his sentence and admits he must demonstrate a reasonable probability that had the error not occurred, he would have received a lesser sentence.[2] *See United States. v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005). He also argues the error was constitutional and, accordingly, this standard should be applied "less rigidly." *United States v. James*, 257 F.3d 1173, 1182 (10th Cir. 2001). Because we have no doubt the outcome of the sentencing proceeding would have been the same even in the absence of the alleged error, Gaines cannot meet the third prong under any standard.

Gaines relies on statements made by the district court during the revocation hearing in which the court noted the revocation proceeding was triggered by Gaines's failure to follow the instructions of his probation officer. He argues this

[2]Gaines's eleven-month term of incarceration ended on January 29, 2015. Accordingly, any challenge he raises to his prison term is now moot. *United States v. Meyers*, 200 F.3d 715, 721-22 & n.3 (10th Cir. 2000). Gaines's challenge to the imposition of the forty-nine-month term of supervised release is not moot because the district court retains discretion to modify it. *See* 18 U.S.C. § 3583(e). Although his briefing on the point is unclear, Gaines also appears to argue his failure to follow the probation officer's instructions was, in large part, the reason for the revocation of his supervised release. We can quickly reject any argument there was a reasonable probability Gaines's supervised release would not have been revoked if the district court had not considered his failure to follow the probation officer's instructions. Gaines argues the district court's focus on the challenged violation during the hearing demonstrates the importance the court placed on the violation. The record, however, unequivocally shows that Gaines violated three conditions of his supervised release and stipulated to two of those violations. Accordingly, the district court's failure to discuss the two stipulated violations in depth during the hearing is unremarkable and does not demonstrate the court considered them less significant than the challenged violation.

demonstrates the district court was primarily concerned with that violation. Gaines further asserts the district court's "concern" led the court to impose a sentence at the high end of the applicable guidelines range.

Read in context, the district court's statements do not support Gaines's argument. The thrust of the court's discussion was to highlight for Gaines the consequences of not following the probation officer's instructions. The court noted that if Gaines had done what the probation officer directed him to do and avoided Ms. Philpotts, he would not have committed the assault or been arrested for violating a protective order (an arrest that he failed to report to his probation officer in violation of his conditions of supervised release). The record wholly supports the district court's observation that Gaines's failure to follow the instructions of his probation officer set in motion the series of subsequent violations of his conditions of supervised release that contributed to the revocation of his supervised release. In no way do the district court's statements support the notion that the court was primarily motivated by Gaines's violation of the challenged condition of supervised release when it imposed Gaines's sentence.

Further, Gaines ignores the district court's statement that it chose to sentence him to a term of incarceration to "afford adequate deterrence to future criminal conduct as well as to protect the public from further crimes of the defendant." The record, therefore, suggests the opposite of what Gaines

argues—the sentence chosen by the court was primarily driven by Gaines's criminal conduct, not his failure to follow the probation officer's instructions. Having reviewed the record in full, this court concludes Gaines has failed to demonstrate a reasonable probability his sentence would have been different in the absence of the alleged error.

## III.   CONCLUSION

The judgment of the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge